UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 12-295(1) (PAM/AJB)

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | |
| v. | GOVERNMENT'S POSITION ON SENTENCING |
| ERIC WADE FORCIER, | |
| Defendant. | |

COMES NOW the United States of America, by and through its undersigned attorneys, B. Todd Jones, United States Attorney for the District of Minnesota, and Allen A. Slaughter and Amber M. Brennan, Assistant United States Attorneys, and submits the following position on sentencing.

On April 2, 2013, Defendant pled guilty pursuant to Rule 11(c)(1)(C) to each of the Counts alleged in a four-count Information. Count 1 of the Information alleged Interference with Commerce by Robbery on October 22, 2013, in violation of 18 U.S.C. §§ 2 and 1951. Count 2 alleged Interference with Commerce by Robbery on October 29, 2013, in violation of 18 U.S.C. §§ 2 and 1951. Count 3 alleged Using, Carrying, and Brandishing a Firearm During a Robbery on October 29, 2013, in violation of 18 U.S.C. § 924(c). Count 4 alleged Felon in Possession of a Firearm on October 29, 2012, in violation of 18 U.S.C. § 922(g)(1) and 924(a)(2). On April 2, 2013, Defendant also stipulated to and admitted facts regarding three additional offenses that may for sentencing purposes be treated as offenses of conviction. U.S.S.G. §1B1.2(c).

In Defendant's plea agreement, the parties anticipated a guideline range of imprisonment of 224-259 months imprisonment and agreed to jointly recommend a sentence of 240 months imprisonment. The PSR also concluded that the guidelines range for 224-259 months imprisonment.[1] PSR ¶ 153. The Government asks the Court to impose a sentence of 240 months imprisonment, as this sentence comports with the parties' agreement and is consistent with the factors found under Section 3553(a).

I.   Discussion

The Court must determine what constitutes a reasonable sentence as guided by the factors of Title 18, United States Code, Section 3553(a). As a first step, the Court must determine the applicable Sentencing Guidelines. Although the Guidelines are advisory, the Court must "remain cognizant of them throughout the sentencing process." Gall v. United States, 552 U.S. 38, 50 n.6 (2007). Indeed, a court may "'rest [its] decision upon the Commission's own reasoning that the Guidelines sentence is a proper sentence (in terms of § 3553(a) and other congressional mandates) in the typical case' if the court finds that the case before it is typical." United States v. Robinson, 516 F.3d 716, 718 (8th Cir. 2008) (quoting Rita v. United States, 551 U.S. 338, 357 (2007)). In addition to considering the Guidelines, Section 3553(a) requires the Court to analyze a number of factors, including the nature and circumstances of the offense, the history and circumstances of the defendant, the need for the sentence to reflect the seriousness of the

---

[1] The plea agreement and PSR guideline calculations differ slightly because the PSR contemplates a two-level obstruction of justice adjustment for Count 1. PSR ¶¶ 41, 155. However, after grouping this increase does not change the overall total offense level or guideline range anticipated in the plea agreement.

2

offense, the need for deterrence, the need to protect the public from further crimes of the defendant, and the need to avoid unwarranted disparities.  18 U.S.C. § 3553(a).

## II.     The Nature and Circumstances of the Offense

On April 2, 2013, Defendant admitted he knowingly and voluntarily robbed five separate businesses in October 2012.  Defendant brandished a firearm during each of the robberies, except the Eddy's Bar & Grill robbery.  Defendant admitted that during that October 22, 2012, offense, he pointed a handgun at several patrons and fired the weapon into the ceiling as he demanded cash money from an Eddy's employee.

## III.    The Criminal History of the Defendant

Defendant's contact with the criminal justice system began at the age of 14.  PSR ¶ 87. As a juvenile, he amalgamated convictions for damage to property, shoplifting, and careless/reckless driving.   PSR ¶¶ 87-90.  He was also arrested for felony second degree burglary, receiving stolen property, as well as underage consumption. PSR ¶¶ 91-92.  As an adult, the Defendant's conduct continued, collecting convictions for inattentive driving (2004), underage drinking and driving (2005), a fifth degree controlled substance crime (2005), driving after suspension (2005), possession of brass knuckles and marijuana in a motor vehicle (2006), theft (2 counts in 2006), financial transaction card fraud (2006), minor consumption (2006), disorderly conduct (2006), fifth degree controlled substance and fleeing police in a motor vehicle (2006), obstruction (2006), possession of stolen property (2007), check forgery (2008), second degree drug possession (2008), as well as receiving stolen property and operating a motor vehicle under the influence (2009).  PSR ¶¶ 93-108.  This extensive resume results in a criminal history score of 23. PSR ¶ 109.

3

IV.     The Characteristics of the Defendant

According to the PSR, Defendant did not know his father growing up and his mother did not engage in relationships that provided a male role model. PSR ¶¶ 117, 119. Defendant's mother raised him, and he reports he was not want for food, clothing or shelter, nor was he abused. PSR ¶ 121. Defendant is physically healthy despite at least one serious motor vehicle accident in 2008. PSR ¶¶ 129. He has had a history of mental and emotional health-related issues. PSR ¶¶ 131-133. He has also used alcohol and certain controlled substances since the fifth grade (age 12), but his drug of choice has been methamphetamine, which he began using at age 13. PSR ¶¶ 134-137. Defendant has undergone treatment on two occasions, however these interventions have had not had a significant impact on his abuse of chemicals – especially methamphetamine. PSR ¶¶ 137-141. The only lengthy period of time away from substance abuse was when he was incarcerated. PSR ¶¶ 140-141.

V.     Sentencing Recommendation

Defendant appears before this Court having accepted responsibility for participating in his criminal activities. A sentence of 240 months is reasonable, however, as it appropriately balances the nature and circumstances of his multiple offenses, his criminal history, and his characteristics. While a significant sentence, 240 months of prison time will serve the needs of sentencing to reflect the seriousness of the offenses involved, promote respect for the law, provide just punishment for the offenses, afford adequate deterrence, protect the public from further crimes by Defendant, and avoid unwarranted sentencing disparities among defendants.

Dated:  June 24, 2013 	Respectfully submitted,

                B. TODD JONES
                United States Attorney

                *s/ Allen A. Slaughter*

                BY: ALLEN A. SLAUGHTER, JR.
                Assistant United States Attorney
                Attorney ID No. 301668